**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**26-CR-60078-SINGHAL/STRAUSS**
CASE No._____

16 U.S.C. § 3372(a)(2)(B)(i)
16 U.S.C. § 3373(d)(2)

UNITED STATES OF AMERICA

v.

SUNSEEKER INTERNATIONAL LIMITED and
SUNSEEKER USA SALES CO., INC.,

Defendants.
_____/

```
FILED BY_____BM_____D.C.

Mar 30, 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI
```

## INFORMATION

The United States Attorney charges:

### GENERAL ALLEGATIONS AND LEGAL BACKGROUND

At all times relevant to this Information:

### Defendants

1.      Sunseeker USA Sales Co., Inc. was incorporated in Delaware and registered in Florida, with a principal address in Hollywood, Florida.

2.      Sunseeker International Limited was incorporated in the United Kingdom, with a principal address in Poole, England.

3.      Both Sunseeker USA Sales Co., Inc. and Sunseeker International Limited were subsidiaries of Sunseeker International (Holdings) Limited, an international holding company registered in the United Kingdom and owned by a Miami-based private equity firm and two Italian private equity firms.

## Relevant Laws

### Lacey Act

4.      The Lacey Act, Title 16, United States Code, Sections 3372 and 3373, made it a crime for a person, including a corporation, to knowingly import any plant knowing the plant was transported or sold in violation of any foreign law that protects plants or that governs the export or transshipment of plants.

5.      "Plant" and "plants" mean any wild member of the plant kingdom, including roots, seeds, parts, or products thereof, and including trees from either natural or plants forest stands.

### Underlying European Timber Regulations

6.      The European Union Timber and Timber Products (Placing on the Market) Regulations 2013) S/I/ 2013/233 as amended by S.I. 2020(1313) (EUTR) established obligations for businesses trading in timber and timber-related products. The purpose of the legislation was to prevent timber that was illegally harvested being placed on the market in the European Union. The harm of illegally harvested timber identified in the EUTR included destroying wildlife habitats and forcing reputable traders out of business. In addition, such practices undermined sustainable harvesting practices and global forest governance, critical at a time of climate change.

7.      As of January 1, 2021, following the departure of the United Kingdom from the European Union on January 31, 2020, the United Kingdom Timber and Timber Products (Placing on the Market) Regulations (UKTR) replaced, within the United Kingdom, the EUTR. However, the provisions of the UKTR and EUTR are essentially the same, and the UKTR incorporates the EUTR by reference.

8.      Under Article 4(a) of the UKTR, incorporating the EUTR Article 4(1), an Operator (the entity that first places the timber or timber product on the market in the United Kingdom)

2

must not place timber that was illegally harvested on the United Kingdom market, or timber products derived from such timber. Moreover, to avoid such violations, an Operator must exercise due diligence when placing timber or timber products on the United Kingdom market. UKTR Articles 4(b) and (c), incorporating EUTR Articles 4(2) and 4(3).

9.      Under first the EUTR, and then the UKTR, before placing timber or timber products in the UK market, an Operator in the United Kingdom must assess the risk of illegality of the timber product and conclude, if needed after undertaking mitigating measures, that there is a negligible risk the timber was illegally harvested.  If it is not possible to mitigate the risk to negligible, the UKTR mandates that the Operator not place the product on the United Kingdom market.

10.     The type of due diligence required of operators included checking if sanctions are in place regarding the timber product being imported. In April 2021, following the coup in Myanmar, the United Kingdom imposed sanctions against Myanmar. In June 2021, the Myanma Timber Enterprise, the only body authorized to export timber from Myanmar, was named as an entity subject to sanctions.

**COUNTS 1 AND 2**
**Lacey Act Trafficking**
**16 U.S.C. § 3372(a)(2)(B)(i) and 16 U.S.C. § 3373(d)(2)**

11.     On or about each of the following dates and locations in the chart below, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**SUNSEEKER INTERNATIONAL LIMITED and**
**SUNSEEKER USA SALES CO., INC.,**

did knowingly transport and sell a plant, that is, teak wood from Myanmar, in interstate and foreign commerce, which plant was transported and sold in violation of a foreign law that protects plants, and in the exercise of due care they should have known was transported and sold in violation of,

3

and in a manner unlawful under, any law or regulation of any foreign law, that protects plants, specifically the European Union Timber and Timber Products (Placing on the Market) Regulations (Regulation No. 995/2010) as amended, §§ 4 and 6, and the United Kingdom Timber and Timber Products (Placing on the Market) Regulations, §§ 4(a), 4(b), and 4(c).

| Count | Date | Item | Boat No. | Location |
|-------|------|------|----------|----------|
| 1 | May 27, 2021 | Teak Balcony Door | 8651986 | Fort Lauderdale, Florida |
| 2 | April 2022 | Teak Parts | 4012274 and 3362255 | Hollywood, Florida |

All in violation of Title 16, United States Code, Sections 3372(a)(2)(B)(i) and 3373(d)(2).

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

DANIEL ROSENFELD
ASSISTANT UNITED STATES ATTORNEY


ADAM R.F. GUSTAFSON
PRINCIPAL ACTING ASSIST. ATTORNEY GEN.
UNITED STATES DEPARTMENT OF JUSTICE

EMILY R. STONE
TRIAL ATTORNEY

4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

CASE NO.: __26-CR-60078-SINGHAL/STRAUSS__

v.

SUNSEEKER INTERNATIONAL LIMITED
SUNSEEKER USA SALES CO, INC,
_____ /
            Defendants.

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No)_____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
- ☐ Miami   ☐ Key West   ☐ FTP
- ☑ FTL     ☐ WPB

I do hereby certify that:

1.  I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.

3.  Interpreter: (Yes or No) No____
    List language and/or dialect:_____

4.  This case will take __0__ days for the parties to try.
5.  Please check appropriate category and type of offense listed below:

    (Check only one)
    - I   ☑  0 to  5 days
    - II  ☐  6 to 10 days
    - III ☐ 11 to 20 days
    - IV  ☐ 21 to 60 days
    - V   ☐ 61 days and over

    (Check only one)
    - ☐ Petty
    - ☐ Minor
    - ☑ Misdemeanor
    - ☐ Felony

6.  Has this case been previously filed in this District Court? (Yes or No) No___
    If yes, Judge_____ Case No. _____
7.  Has a complaint been filed in this matter? (Yes or No) No___
    If yes, Judge _____ Magistrate Case No._____
8.  Does this case relate to a previously filed matter in this District Court? (Yes or No) No___
    If yes, Judge _____ Case No._____
9.  Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No___
13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No___
14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No___
15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No___
16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No___

By: _____
DANIEL ROSENFELD
Assistant United States Attorney
SDFL Court ID No.   A5503081

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: ___ SUNSEEKER INTERNATIONAL LIMITED

**Case No**: 

Counts #: 1–2

Lacey Act Trafficking

* **Max. Term of Imprisonment:** N/A
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 5 years' probation
* **Max. Fine:** $200,000 or twice the gross gain or twice the gross loss

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**:    SUNSEEKER USA SALES CO, INC

**Case No**: _____

Counts #: 1-2

Lacey Act Trafficking

* **Max. Term of Imprisonment:** N/A
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 5 years' probation
* **Max. Fine:**  $200,000 or twice the gross gain or twice the gross loss

*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.